IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTER DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **JAMES L. GLAZER, in his individual capacity, as Attorney-in-Fact for MARY A. GLAZER, and as Co-Trustee for the MARY ANN GLAZER LIVING TRUST, et al.** | ) ) ) ) ) | Case No. 1:21-cv-00571 |
| | ) | (Judge Matthew W. McFarland) |
| | ) ) | (Mag. Judge Karen L. Litkovitz) |
| **Plaintiffs,** | ) ) | |
| -v- | ) ) ) | **ORDER DENYING WITHOUT PREJUDICE THE JOINT MOTION TO RESTRICT PUBLIC ACCESS TO CASE INFORMATION** |
| **EDITH C. GLAZER, in her individual capacity, as Healthcare Agent for MARY A. GLAZER, and as Co-Trustee for the MARY ANN GLAZER LIVING TRUST, *et al*.** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

The matter is before the Court on a Joint Motion to restrict public access to Case No. 1:21-cv-00571 (Doc. 26). In this Motion, the parties ask this Court to seal the entire case, including the caption, in order to protect the parties and their family's medical and financial affairs and the privacy of this dispute. The Court has carefully considered this request, including the filings, against the backdrop of well-settled Sixth Circuit law. For the reasons that follow, this Motion is DENIED without prejudice.

The Sixth Circuit has instructed that courts must evaluate a motion to seal in light of the weighty public interests in judicial transparency and open access to court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Indeed, "a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* at 306. *Shane Group* provides the standard this Court must apply before granting a motion to seal. Specifically, a party moving to seal must not only identify a "compelling reason

why certain documents or portions thereof should be sealed," but also show that the proposed "seal itself [is] narrowly tailored to serve that reason." *Id.* at 305.

While the parties assert that a compelling interest exists in maintaining the privacy of financial and medical information, they do not argue that sealing the entire case—including the caption—is narrowly tailored to protecting this interest. Importantly, the "proponent of sealing" must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (internal quotations omitted).  It seems to the Court that sealing a matter in its entirety is unlikely to be narrowly tailored to protecting the compelling interest identified, and all of the cases cited by the parties refer to sealing portions of documents or documents themselves—not the entire case.  The Court invites counsel to submit any Sixth Circuit authority to support its request to seal an entire case as the parties request.

Accordingly, the Motion is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND